**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **GEORGE EDWARD PURDY,** § | |
| **TDCJ No. 02187077,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil No. SA-20-CA-0944-XR |
| § | |
| **BOBBY LUMPKIN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner George Edward Purdy's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), Petitioner's supplemental memorandum in support (ECF No. 8), Respondent Bobby Lumpkin's Answer (ECF No. 12), and Petitioner's Reply (ECF No. 14) thereto. Petitioner challenges the constitutionality of his 2009 pleas of no contest to three sexual assault charges and his subsequent placement on deferred community supervision. In his answer, Respondent contends Petitioner's federal habeas petition is untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Procedural History

In July 2009, Petitioner pled no contest in Kendall County, Texas, to three counts of sexual assault of a child. Pursuant to the plea bargain agreements, Petitioner acknowledged the range of punishment he was facing, judicially confessed to committing the offenses, and waived his right to appeal.[1] The trial court accepted the terms of plea bargain agreements, deferred an adjudication of guilt and placed Petitioner on probation for a period of ten years. *State v. Purdy*, Nos. 4482, 4958 and 4959 (216th Dist. Ct., Kendall Cnty., Tex. July 7, 2009).[2]

Despite waiving his right to appeal, Petitioner nevertheless filed a *pro se* notice of appeal attempting to withdraw the pleas.[3] The Fourth Court of Appeals eventually dismissed Petitioner's appeals because he waived the right to appeal as part of the plea bargain agreements. *Purdy v. State*, Nos. 04-13-00658-CR, 04-13-00659-CR, and 04-13-00660-CR (Tex. App.─San Antonio, Nov. 13, 2013, no pet.).[4] Following the issuance of the appellate court's mandate, the trial court ordered that Petitioner be placed on community supervision for a period of ten years effective March 6, 2014.[5] Petitioner did not appeal these orders.

Petitioner remained on community supervision until October 2017 when the state filed a motion to proceed with an adjudication of guilt due to Petitioner's failure to comply with several conditions of his community supervision.[6] Petitioner pled true to the alleged violations, and on July 25, 2018, the trial court found Petitioner guilty of the underlying offenses, revoked his community supervision, and sentenced him to ten years of imprisonment on all three counts with the sentences to run concurrently. *State v. Purdy*, Nos. 4482, 4958 and 4959 (451st Dist. Ct.,

---

[1]   ECF Nos. 13-11 at 9-15; 13-20 at 10-17; 13-36 at 10-17.
[2]   ECF Nos. 13-7 at 274-306; 13-11 at 16-20; 13-20 at 18-22; 13-36 at 18-22.
[3]   ECF Nos. 13-11 at 23; 13-20 at 25; 13-36 at 25.
[4]   ECF No. 13-11 at 37-39.
[5]   ECF Nos. 13-11 at 43; 13-20 at 51; 13-36 at 51.
[6]   ECF Nos. 13-11 at 62-65; 13-20 at 70-73; 13-36 at 70-73.

Kendall Cnty., Tex. July 25, 2018).[7]  As Petitioner again waived his right to appeal, he did not appeal the trial court's adjudication of guilt.[8]

Instead, Petitioner challenged his convictions by filing three state habeas corpus applications on June 21, 2019, at the earliest.  *Ex parte Purdy*, No. 90,494-03 through -05 (Tex. Crim. App.).[9]  The Texas Court of Criminal Appeals denied the applications without written order on July 22, 2020.[10]  Petitioner then placed the instant federal habeas petition in the prison mail system on August 5, 2020, with his supplemental memorandum in support following several weeks later on September 30, 2020.[11]

In the petition and supplemental memorandum, Petitioner raises numerous allegations challenging his 2009 guilty pleas and subsequent placement on deferred adjudication probation by the Kendall County trial court in March 2014.[12]  Petitioner has not raised any challenges to the Kendall County trial court's subsequent revocation of his community supervision and adjudication of guilt in July 2018.  And while Petitioner does raise several allegations concerning the terms of his community supervision and subsequent revocation from separate convictions obtained in Dallas County, these allegations will not be addressed because the Court lacks jurisdiction to consider them.  *See* 28 U.S.C. § 2241(d) (stating that venue is proper in a habeas corpus action in either the district court where the petitioner is in custody or in the district within

---

[7]  ECF Nos. 13-11 at 66, 72-77; 13-20 at 74, 80-85; 13-36 at 74, 80-85.
[8]  ECF Nos. 13-11 at 70-71; 13-20 at 78-79; 13-36 at 78-79.
[9]  ECF Nos. 13-12 at 8; 13-21 at 9; 13-37 at 15.
[10] ECF Nos. 13-1; 13-16; 13-27.
[11] ECF Nos. 1 at 15, 8.
[12] While Petitioner's pleadings are often repetitive or difficult to follow, the Court understands Petitioner to raise the following allegations:  (1) he received ineffective assistance when his trial counsel coerced his guilty pleas and sabotaged his appeals, (2) his pleas were involuntary because he was coerced into signing the pleas by the State's threats of additional charges and by unmet promises of matching terms and restrictions in similar cases pending against him in Dallas County, (3) his right to counsel was violated when the trial court allowed counsel to appear by phone at the March 2014 hearing, (4) his pleas should not have been accepted because the totality of the evidence does not indicate guilt, (5) the multiple indictments filed against him in both Kendall County and Dallas County violate double jeopardy, and (6) the terms of his probation violated his Fifth and Eighth Amendment rights by requiring him to undergo sex offender counseling.

which the petitioner was convicted and sentenced).[13] Thus, the only allegations properly before this Court challenge the constitutionality of his 2009 Kendall County guilty pleas and his subsequent placement on deferred adjudication probation in March 2014.

## II. Timeliness Analysis

Respondent contends Petitioner's allegations concerning his July 2009 guilty pleas and subsequent placement on deferred adjudication probation in March 2014 are barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final April 5, 2014, when the time for appealing his judgment and sentence expired. *See* Tex. R. App. P. 26.2 (providing a notice of appeal must be filed within thirty days following the imposition of a sentence); *Caldwell v. Dretke*, 429 F.3d 521, 528 (5th Cir. 2005) (finding an order of deferred adjudication to be a judgment for § 2244 purposes). As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his deferred adjudication expired a year later on April 6, 2015.[14] Because Petitioner did not file his § 2254 petition until August 5, 2020—well over five years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

---

[13]  According to Respondent, these claims are the subject of a habeas corpus petition pending before the Northern District of Texas. *See Purdy v. Lumpkin*, No. 3:20-cv-737 (N.D. Tex.).

[14]  Because the limitations period ended on Sunday, April 5, 2015, the deadline was automatically extended until the following Monday, April 6, 2015. *See* Fed. R. Civ. P. 6(a)(1)(C).

### A. Statutory Tolling

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As discussed previously, Petitioner's three state habeas applications challenging his Kendall County convictions were submitted in June 2019, well after the limitations period expired for challenging either his guilty pleas or subsequent placement on community supervision. Because Petitioner filed his state habeas applications after the time for filing a federal petition under § 2244(d)(1) has lapsed, they do not toll the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

### B. Equitable Tolling

The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and

5

exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner did not reply to Respondent's assertion of the statute of limitations in this case, nor did his petition or supplemental memorandum provide this Court with any valid reason to equitably toll the limitations period. Even with the benefit of liberal construction, Petitioner has provided no reasonable justification for the application of equitable tolling, and a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Although each of the allegations in Petitioner's federal petition (and supplemental pleadings) that are currently before this Court concern the constitutionality of either his July 2009 guilty pleas or subsequent placement on community supervision in March 2014, Petitioner did not submit a state habeas corpus application challenging these proceedings until June 2019, over four years after his conviction had already become final under the AEDPA's statute of limitations. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application); *North v. Davis*, 800 F. App'x 211, 214-15 (5th Cir. 2020) (unpublished) (finding an "eleven-month delay in filing his initial state application weighs

against a finding of diligence."). Petitioner does not demonstrate that his claims could not have been discovered and presented at an earlier date.

Because Petitioner failed to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

C.     **Actual Innocence**

Finally, Petitioner appears to contend that his untimeliness should be excused because of the actual-innocence exception. In *McQuiggin*, 569 U.S. at 386, the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo,* 513 U.S. 298, 329 (1995). But "tenable actual-innocence gateway pleas are rare," and, under *Schlup*'s demanding standard, the gateway should open only when a petitioner presents new "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin*, 569 U.S. at 386, 401 (*quoting Schlup,* 513 U.S. at 316). In other words, Petitioner is required to produce "*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 324.

Petitioner does not meet this demanding standard. Petitioner's argument relies almost exclusively on a letter and testimony given by the victim at his 2017 Dallas County trial that allegedly establish that she lied about her encounters with Petitioner. However, Petitioner's conclusory assertions that the victim lied do not constitute "*new* reliable evidence" establishing

his innocence. Indeed, Petitioner's arguments were already rejected by the state court during Petitioner's state habeas proceedings and do not undermine confidence in the outcome of his trial. Consequently, the untimeliness of Petitioner's federal habeas petition will be not excused under the actual-innocence exception established in *McQuiggin*.[15]

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id.* In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

---

[15] To the extent Petitioner also raises a "freestanding" claim of actual innocence under *Herrera v. Collins*, 506 U.S. 390, 417 (1993), this claim still would not provide a cognizable basis for federal habeas relief. *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (citing *Herrera*, 506 U.S. at 400). The Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review. *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *see also Graves v. Cockrell,* 351 F.3d 143, 151 (5th Cir. 2003) (collecting cases).

was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

### IV. Conclusion

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner George Edward Purdy's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2. No Certificate of Appealability shall issue in this case; and

3. All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the 20th day of May, 2021.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE